IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELBERT R. COMPTON,

                Plaintiff,

v.

BURTON COX, J. WATERMAN, NURSE CAMPBELL,
BELINDA SCHRUBBE, MARY GORSKE,
PAUL SUMNICHT, ANN SLINGER, GAIL WALTZ,
BRIDGET BAYER, DONNA LARSON,
CHRISTINE DE YOUNG, JEFFREY MANLOVE,
NURSE MILLER, RICHARD HEIDORN,
DOUGLAS ARMATO, THOMAS GROSSMAN,
and MARGARET ANDERSON,

                Defendants.

OPINION and ORDER

12-cv-837-jdp

---

In a December 10, 2014 order, I granted plaintiff Elbert Compton, a prisoner at the Waupun Correctional Institution, leave to proceed on Eighth Amendment deliberate indifference and state law medical malpractice claims against the above-captioned prison officials and outside medical professionals for failing to treat his broken finger. Dkt. 19. I also gave defendants a deadline to respond to plaintiff's motion for preliminary injunctive relief regarding defendant prison officials' alleged failure to follow the instructions of defendant Margaret Anderson (a nurse practitioner at the Waupun Memorial Hospital) to place plaintiff on antibiotics and chronic pain medication. *Id*. Based on my review of plaintiff's motion and defendants' response, I will deny plaintiff's motion. I will also provide further instructions for serving the non-Department of Corrections defendants.

PRELIMINARY INJUNCTIVE RELIEF

Plaintiff requests that be given antibiotics and narcotic pain medication. In his motion, plaintiff stated that he was seen by defendant Margaret Anderson on June 17, 2014. Anderson

"found that there is an infection in the plaintiff's pinky finger . . . and instructed the [prison Health Services Unit] staff . . . to start plaintiff on immediate anti-biotics, and chronic pain med's 4 times a day." Dkt. 14. Plaintiff further stated that Anderson directed the use of "Hydrocodone/Norco" (narcotic pain medications) for chronic pain treatment. *Id*. Plaintiff did not support this assertion with medical documentation or even a declaration that this statement was true. In the December 10 order, I noted that "plaintiff's motion falls short of this court's usual procedures to be followed in briefing motions for injunctive relief" but that "requiring him to append such a declaration at this point would only cause further delay" and that "the factual basis for his motion is clear enough." Dkt. 19.

In response, defendants have submitted Anderson's report from the June 17 appointment, in which she does *not* state that plaintiff's finger was infected. Rather, she stated, "Skin is closed with yellow crusting . . . . Has slight redness around crusting with benign appearance. . . . Watch for signs of infection." Dkt. 22-3. She did not recommend antibiotics. *Id*.

With regard to pain medication, Anderson stated that plaintiff "was agreeable to chronic pain management," but she "instructed plaintiff that narcotics are not appropriate at this time and would recommend [twice daily] dosing for chronic pain." *Id*. Prison medical staff then prescribed plaintiff non-narcotic pain medication. Dkt. 22-2, at 1.

Based on defendants' response, which unlike plaintiff's motion, has supporting medical documentation, I will deny plaintiff's motion for preliminary injunctive relief. Plaintiff's assertions that his finger is infected and that prison medical staff is ignoring Anderson's recommendations are contradicted by the medical record, and thus plaintiff fails to show that he will suffer irreparable harm. *See, e.g.*, *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011) (party seeking preliminary injunction must show likelihood of success on the merits on his underlying claim, that he has no adequate remedy at law and will suffer irreparable harm if a

preliminary injunction is denied, and that the granting of an injunction is in the public interest). Although the medical record shows that plaintiff is in need of pain treatment, the record also shows that plaintiff is receiving appropriate medication, although not the type of medication that he would prefer. Under the Prison Litigation Reform Act, this court must ensure that preliminary injunctive relief is "narrowly drawn, extend[ing] no further than necessary to correct the harm . . . and . . . the least intrusive means necessary to correct that harm," 18 U.S.C. § 3626(a)(2). Plaintiff fails to show that the court should intrude into the specific pain treatment already being managed by Anderson and prison staff.

SERVICE OF NON-DEPARTMENT OF CORRECTIONS DEFENDANTS

In the December 10, 2014 screening order, I ordered that "[t]he state may have 21 days to file an answer to the amended complaint for all defendants it chooses to represent." My order overlooked that plaintiff had added defendants Thomas Grossman and Margaret Anderson (whom I understand to work at the Waupun Memorial Hospital) in his amended complaint. Understandably, the state did not accept service on behalf of Grossman or Anderson. In a January 14, 2015 order, the court stated that Grossman and Anderson should be treated "as John and Jane Doe defendants whose correct names plaintiff will have to obtain through discovery."[1] Dkt. 25, at 1. However, it is unnecessary to go that route because, at least at this point, there is no reason to think that plaintiff has failed to properly identify Grossman and Anderson. The proper course of action is to have the United States Marshal attempt to serve these non-DOC defendants.

---

[1] The court also concluded that the DOC defendant plaintiff named as "Douglas Armato" should be treated as a Doe defendant. "Armato" will be treated as a Doe defendant because the state was unable to identify any employee with that name.

Accordingly, I will direct the clerk of court to prepare summons forms for service on defendants Grossman and Anderson and forward the forms to the United States Marshal for service. It will be up to the Marshals Service to make a reasonable effort to locate these defendants by contacting their employer or conducting an Internet search of public records. Reasonable efforts do not require the Marshals Service to provide private investigator services for civil litigants or to use software available only to law enforcement officers.

## ORDER

IT IS ORDERED that:

1. Plaintiff Elbert Compton's motion for preliminary injunctive relief, Dkt. 14, is DENIED.

2. The clerk of court shall issue summonses for defendants Grossman and Anderson and forward them to the United States Marshal for service.

Entered March 12, 2015.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge