IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELBERT R. COMPTON,

                Plaintiff,                ORDER

  v.

                                              12-cv-837-jdp

BURTON COX, *et al.*,

                Defendants.

---

In a December 10, 2014 order, the court granted plaintiff Elbert Compton leave to proceed on Eighth Amendment deliberate indifference and state law medical malpractice claims against prison officials and outside medical professionals for failing to treat his broken finger. The court has received answers from all of the defendants except for Nurse Campbell.

In a January 14, 2015 order, the court acknowledged that the attorney general's office did not accept service on behalf of defendant Campbell because she no longer worked for the state, but the AG did provide Campbell's first name: "Amy." The court ordered the Marshal to serve Amy Campbell, which was accomplished in late February 2015. Rather than submitting a response, Campbell has submitted a letter stating that there were two Nurse Campbells employed at the Wisconsin Secure Program Facility at the time in question and that she "was on leave from [her] position during part of 2008." However, she also seems to be saying that she and the other WSPF nurses did the best job they could in triaging the various medical requests made by prisoners, so it is unclear if she is saying that she is not the "Nurse Campbell" who responded to plaintiff's requests, or whether she is the correct defendant and wishes to explain her responses to plaintiff's allegations. Given this uncertainty, I construe her letter as a request for an extension of time to file an answer, which I will grant.

Part of the confusion may arise because of plaintiff's long complaint, in which he raises claims against many different defendants. Campbell asks to be provided "with more extensive information, involving, my limited involvement, with this individual/inmate." According to plaintiff's amended complaint, he specifically alleges the following regarding Campbell's involvement in his medical care:

> On May 18, 2008, plaintiff complained about pain and numbness in his broken finger, but Campbell stated that she would not see plaintiff, but instead would be put on a waiting list to see defendant Dr. Cox.
>
> From May 18 to June 23, 2008, plaintiff continued to complain about his severe pain, but Campbell did nothing to help him.

Dkt. 13, at 6.

If Amy Campbell acknowledges that she was this "Nurse Campbell" who responded to these complaints (even if she disputes plaintiff's characterization of her responses), then she should file an answer specifically responding to those allegations. An answer is a formal written response to the plaintiff's complaint in which the defendant responds to the allegations in the complaint and sets forth any defenses to all or part of plaintiff's claims. *See* Fed. R. Civ. P. 8(b). If Campbell does not have sufficient information either to admit or deny a statement in the complaint, then she still must respond to the statement by saying this. In addition to admitting or denying the allegations against her in the complaint, she should include in her answer any legal defenses she wishes to bring. *See* Rule 8(c).

If, on the other hand, Amy Campbell believes that she is ***not*** this "Nurse Campbell," then she should inform the court of that, and I will check with the other parties to see whether Amy Campbell should remain in the case or whether plaintiff and the state can figure out whether the

other nurse with that last name is actually the correct defendant. Ultimately, if plaintiff wishes to proceed on claims against Amy Campbell, she will have to file an answer regardless whether she believes she is the correct "Nurse Campbell" or not.

ORDER

It is ORDERED that defendant Amy Campbell's motion for an extension of time to file her answer, dkt. 27, is GRANTED. Defendant Campbell may have until May 1, 2015, to either submit her answer or otherwise respond as discussed in the opinion above.

Entered this 15th day of April, 2015.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge