IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELBERT R. COMPTON,

                  Plaintiff,

v.

BURTON COX, J. WATERMAN, NURSE CAMPBELL,
BELINDA SCHRUBBE, MARY GORSKE,
PAUL SUMNICHT, ANN SLINGER, GAIL WALTZ,
BRIDGET BAYER, DONNA LARSON,
CHRISTINE DE YOUNG, JEFFREY MANLOVE,
NURSE MILLER, RICHARD HEIDORN,
DOUGLAS ARMATO, THOMAS GROSSMAN,
and MARGARET ANDERSON,

                  Defendant.

OPINION & ORDER

12-cv-837-jdp

---

      Plaintiff Elbert Compton, a prisoner at the Waupun Correctional Institution, brings Eighth Amendment deliberate indifference and state law medical malpractice claims against the above-captioned prison officials and outside medical professionals for failing to treat his broken finger.

      Currently before the court are two issues: (1) a motion to dismiss filed by defendant Amy Campbell;[1] and (2) a motion by defendants Thomas Grossman and Margaret Anderson to compel compliance with Wisconsin mediation procedures for medical malpractice claims.

**A.  Motion to dismiss**

      Plaintiff was originally granted leave to proceed on an Eighth Amendment claim against defendant "Nurse Campbell" for failing to assist him with his medical complaints from May 18, 2008, to June 23, 2008, at which time plaintiff was housed at the Wisconsin

---

[1] To avoid confusion regarding the identity of defendant "Nurse Campbell, I will refer to Amy and Deborah Campbell by their full names at certain points of this opinion.

Secure Program Facility (WSPF). *See* Dkt. 19, at 4; Dkt. 37, at 2. The attorney general's office did not accept service on behalf of defendant Campbell because she no longer worked for the state, but did provide Campbell's first name (Amy) on its acceptance of service form. Dkt. 23. Rather than submitting an answer, Amy Campbell responded by stating that she was on leave during part of 2008 and suggesting that she was not the correct defendant named Campbell. The court directed her to file a formal responsive pleading. Dkt. 37.

Amy Campbell responded with a letter seeking more information about her alleged involvement in plaintiff's medical care. Shortly thereafter, the attorney general's office filed a notice of appearance for Amy Campbell, a supplemental answer, and motion to dismiss. Amy Campbell argues in the motion to dismiss that she was on medical leave during the time that she allegedly responded to plaintiff's medical concerns, and supports this with time sheets showing her leave status. Defendant Campbell also states that there was a nurse clinician named Deborah Campbell who worked at WSPF during the relevant time. Because defendant Campbell relies on this evidence, I will construe her motion as one for summary judgment.

Although the court gave plaintiff a deadline to respond to Amy Campbell's summary judgment motion, he has not done so. Based on the undisputed evidence showing that Campbell was on medical leave and thus could not have been the person responding to plaintiff's complaints, I will grant her motion for summary judgment and dismiss her from the case.

Even though plaintiff did not respond to Amy Campbell's statement that Deborah Campbell worked at WSPF at that time and is thus likely the appropriate "Nurse Campbell" to be named as a defendant in this lawsuit, I will give him a final chance to do so. I will give plaintiff a short time to explain whether he wishes to proceed on Eighth Amendment claims

against Deborah Campbell. Should plaintiff fail to respond to this order, he will not be allowed to proceed on any claims against the person named as "Nurse Campbell" in his complaint.

## B. Motion to compel mediation

Plaintiff brings medical malpractice claims against Waupun Memorial Hospital staff members Dr. Thomas Grossman and Nurse Practitioner Margaret Anderson arising out of a surgery plaintiff received in August 2013. Defendants Grossman and Anderson filed a motion for plaintiff to comply with Wisconsin mediation procedures for medical malpractice claims. Dkt. 44. Under Wisconsin law, a plaintiff bringing medical malpractice claim must file a request for mediation with the director of state courts within 15 days of the filing of the civil action. Wis. Stat. §§ 655.445, 655.54. Defendants note that although plaintiff failed to file a mediation request within 15 days of filing this lawsuit, the statute setting that time frame is directory rather than mandatory, so that failure does not mandate dismissal of his claims. *See* Dkt. 44, at 4 n.1 (citing *Eby v. Kozarek*, 153 Wis. 2d 75, 77, 450 N.W. 2d 249, 250 (1990). However, it does mean that plaintiff cannot proceed with his medical malpractice claims until he complies with the mediation statute. *Id*.

In response to defendants' motion, plaintiff filed what appears to be a copy of a mediation request directed to the Wisconsin Supreme Court. It is unclear whether plaintiff's mediation request has been accepted by the director of state courts, and if so, whether his claims were resolved or the mediation period has expired. The court set a deadline for defendants to file a reply to plaintiff's response, but they have not done so, which leads me to suspect that they are satisfied with plaintiff's request. But before I deny as moot defendants'

3

motion to compel compliance with the mediation procedures, I will give them a final chance to update the court on the status of plaintiff's request.

ORDER

IT IS ORDERED that:

1. Defendant Amy Campbell's motion for summary judgment, Dkt. 41, is GRANTED, and Amy Campbell is DISMISSED from the case.

2. Plaintiff Elbert Compton may have until January 20, 2015, to notify the court that he wishes to pursue his claims regarding "Nurse Campbell" against Deborah Campbell.

3. Defendants Thomas Grossman and Margaret Anderson may have until January 20, 2015, to update the court on the status of plaintiff's request for mediation on his medical malpractice claims against them.

Entered January 7, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge